**IN THE UNITED STATES DISTRICT Court**

**FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                                                                          No. 2:05-cr-0221 RB

ANGELO OTERO,

      Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on Angelo Otero's pro se motion for expungement. (Doc. 98.) The United States argues that the Court lacks jurisdiction to consider the motion. (Doc. 101.) Having reviewed the parties' arguments, the record, and the applicable law, the Court finds it is without jurisdiction to consider Otero's request. The Court will therefore **DISMISS** the motion.

## I.     Background

On April 22, 2005, pursuant to a plea agreement, Otero pleaded guilty to one count of manufacturing more than 100 marijuana plants contrary to 21 U.S.C. §841(a)(1) & (b)(1)(B) and 18 U.S.C. § 2. (Docs. 54–55.) On July 28, 2006, the Court sentenced Otero to 11 months and one day of imprisonment or time served, whichever was less. (Doc. 75.) On April 27, 2009, the Court granted Otero early release from his three-year term of supervised release. (Doc. 97.)

Otero, acting pro se, now asks the Court to expunge his conviction on the basis that he has maintained a clean record since this conviction. (Doc. 98.) The United States asserts that the Court does not have jurisdiction to consider the motion. (*See* Doc. 101.)

**II.     Discussion**

The Court may expunge a conviction under limited circumstances. First, the Court may consider a motion during the time it has original jurisdiction over a "defendant's case pursuant to 18 U.S.C. § 3231, which gives courts "original jurisdiction over 'all offenses against the laws of the United States . . . .'" *See United States v. Salgueido*, 256 F. Supp. 3d 1175, 1178 (D.N.M. 2017) (quoting 18 U.S.C. § 3231).) That jurisdiction ended, however, when a final judgment was entered on the conviction. As the Court sentenced Otero almost 20 years ago, the time for any post-judgment motions has long passed. (*See id.* (citing Fed. R. App. P. 4(a)(4)(A)(i)–(vi)).)

Second, a court may expunge a conviction in cases where a statute authorizes it. *See id.* The United States contends that no such statute exists (*see* Doc. 101 at 2), and Otero fails to argue otherwise. *See also, e.g.*, *Salgueido*, 256 F. Supp. 3d at 1178.

Finally, "the Tenth Circuit has held that a court has equitable powers to expunge a conviction only when there is a finding that the conviction was "unconstitutional, illegal, or obtained through government misconduct." *See id.* (quoting *United States v. Pinto*, 1 F.3d 1069, 1070 (10th Cir. 1993)). Otero fails to show that his conviction was improper, thus the Court may not expunge his conviction on this basis. *See Pinto*, 1 F.3d at 1070.

Because the Court is without authority to grant the requested relief, the Court will dismiss Otero's motion. The Court commends Otero for his clean record and encourages him to investigate whether he may qualify for a pardon. *See* Office of the Pardon Attorney, Pardon After Completion of Sentence, https://www.justice.gov/pardon/apply-pardon.

**IT IS THEREFORE ORDERED** that Otero's Motion (Doc. 98) is **DISMISSED.**

_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE